Rel: July 31, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2026

_____

## CL-2025-0787

_____

## Carlton Lamar Avery

### v.

## Erica Nicole Avery

## Appeal from Elmore Circuit Court
## (DR-23-900094)

_____

BOWDEN, Judge.

Carlton Lamar Avery ("the husband") appeals from a judgment entered by the Elmore Circuit Court ("the circuit court") that, in pertinent part, divorced him and Erica Nicole Avery ("the wife"), awarded the wife sole legal custody and sole physical custody of the parties' minor

child, awarded child support to the wife, awarded alimony to the wife, and awarded the parties' marital home to the wife. We affirm the circuit court's judgment in part, reverse the judgment in part, and remand the cause for further proceedings consistent with this opinion.

<u>Background and Procedural History</u>

The parties were married on June 28, 2019. Their only child was born on March 29, 2022. On April 26, 2023, the husband filed a complaint for a divorce from the wife in the circuit court, citing incompatibility of temperament and an irretrievable breakdown of the marriage. On May 19, 2023, the wife filed an answer and a counterclaim for a divorce from the husband. As grounds for a divorce, she cited an irretrievable breakdown of the marriage and alleged that the husband had committed acts of domestic violence against her in the presence of the parties' child.

The circuit court entered a judgment on August 7, 2025. The August 7, 2025, judgment stated, in pertinent part:

> "This cause coming on to be heard on the issue of Divorce and the [husband] being present without counsel and [the wife] being present with counsel of record and testimony being taken before this Court on May 22, 2025, ... upon consideration of the testimony and evidence presented, it is found by this Court as follows:
>
> "....

2

"3. That the custody of the party's minor child shall be joint, with the primary residence being placed with the [wife] subject to the right of visitation for the [husband] as set out herein.

"4. That the [husband] shall pay to the [wife] child support monthly, in the sum of $665.00, the same being in compliance with Rule 32, [Ala. R. Jud. Admin.], commencing June 1, 2025.

"...

"11. [The wife] gets the marital home, and [the husband] is divested of any and all right, title or interest in and to said marital home and [the wife] is vested with all right, title and interest in and to said marital residence. She also gets her automobiles, her retirement accounts and her bank accounts. [The husband] is to execute and deliver to [the wife] a Quit Claim Deed for the marital residence, the same to be delivered to her in 30 days.

"12. [The husband] is to pay [the wife] periodic rehabilitative alimony for 36 months, in the sum of $3,000.00 per month, commencing September 1, 2025."

On the same date, the circuit court amended the divorce judgment to include a finding that the husband's child-support obligation was $4,187 in arrears.

The wife filed a motion to alter or amend the August 7, 2025, judgment on August 11, 2025, arguing that the evidence at trial warranted a specific factual finding that the husband had committed acts

of domestic violence against her. She also argued that, because the husband had committed acts of domestic violence, she should be awarded sole legal custody of the parties' child. The wife also challenged the circuit court's calculation of the child-support award and the amount of the husband's child-support arrearage.

On September 8, 2025, the husband filed a motion to alter, amend, or vacate the August 7, 2025, judgment. The husband argued that he should have been awarded joint physical custody and joint legal custody of the parties' child. He also argued that the circuit court's award of the marital home to the wife was inequitable. The husband further argued that the circuit court had erred in awarding the wife alimony because, he argued, the evidence at trial did not support an award of alimony.

Following a hearing on the parties' postjudgment motions, the circuit court entered an order amending the August 7, 2025, judgment. That order stated, in pertinent part:

> "A. Paragraph #3, Add that the Court finds that [the husband] committed actual acts of violence within their marriage.
>
> "B. Paragraph #3A added; All decision making authority is reserved and to be directed by the [wife] on all child issues, including medical and educational issues.

4

"C. Paragraph #4; Child support is set at $820.00 per month based on the supplied CS Form and the arrears is established at $2381.00 through the end of July, 2025. Said amount to be paid to the [wife] in 10 days."

The amended judgment slightly altered, but otherwise left in place, a visitation schedule for the husband to see the parties' child. The husband timely appealed.

## Standard of Review

"When this court reviews a divorce judgment entered after the presentation of ore tenus evidence, we will presume that the trial court's findings on disputed facts are correct, and we will not reverse its judgment based on those findings unless the judgment is palpably erroneous or manifestly unjust. Crenshaw v. Crenshaw, 386 So. 3d 42, 51 (Ala. Civ. App. 2023). The presumption of correctness of factual findings under the ore tenus rule 'is based on the trial court's unique position to observe the witnesses and to assess their demeanor and credibility.' Glazner v. Glazner, 807 So. 2d 555, 559 (Ala. Civ. App. 2001)."

Perry v. Perry, [Ms. CL-2025-0409, Jan. 16, 2026] ___ So. 3d ___, ___ (Ala. Civ. App. 2026).

## Analysis

I.  Whether the circuit court erred in calculating the amount of child support that it awarded to the wife

The husband argues that the circuit court incorrectly calculated its award of child support because, he argues, the evidence showed that the

wife had a higher monthly income than was used to calculate the award. Although the husband filed a postjudgment motion after the divorce judgment was entered, his motion did not include this allegation of error.

In Turney v. Turney, 381 So. 3d 429 (Ala. Civ. App. 2022), this court held that an argument about a miscalculated child-support award -- because of a purported miscalculation of income -- was not preserved. Turney, 381 So. 3d at 444 n.11 ("The husband also contends in his appellate brief that the trial court, when determining his income for 2020, erred in considering the VA funding-fee refund. The husband, however, did not present this argument in the trial court, and, therefore, we will not consider it.")  In Cauthen v. Cauthen, 415 So. 3d 63 (Ala. Civ. App. 2024), this court again held that an argument that the trial court had incorrectly calculated the parties' income for purposes of determining child support was not preserved when the party asserting the argument on appeal had not raised the issue in a postjudgment motion. Cauthen, 415 So. 3d at 80 ("The wife did not raise the issue of the correctness of its calculation of her monthly adjusted gross income for purposes of determining her child-support obligation. Therefore, we will not consider the wife's contention that the trial court incorrectly calculated her

6

monthly income when determining child support."). See Docen v. Docen, 294 So. 3d 767, 770 (Ala. Civ. 2019) ("We cannot consider these arguments, however, because they are being raised for the first time on appeal."); Mullins v. Sellers, 80 So. 3d 935, 946 (Ala. Civ. App. 2011) ("[B]ecause there is no indication in the record that the father first raised this argument to the trial court, we cannot consider this argument."); Routzong v. Baker, 20 So. 3d 802, 810-11 (Ala. Civ. App. 2009) ("The father contends that the trial court failed to follow Rule 32(B)(7)(c), Ala. R. Jud. Admin., when it did not recalculate his child-support obligation to reflect that he, rather than the mother, was providing health-insurance coverage for the children. The father did not present this argument to the trial court, and, accordingly, he has failed to preserve it for appellate review.").

Here, the husband did not present to the circuit court his argument about the miscalculation of the child-support award because of a miscalculation of income. As a result, he has failed to preserve his argument for appeal. We, therefore, cannot consider his argument on this issue, and we affirm the circuit court's judgment as to the amount of child support awarded to the wife.

II.   Whether the circuit court erred in awarding the wife sole physical custody and sole legal custody of the parties' child

The husband argues that the evidence presented at trial did not support the circuit court's custody award. In the August 7, 2025, divorce judgment, the circuit court awarded the wife sole physical custody of the parties' child, and the circuit court awarded sole legal custody to the wife when it amended the judgment, reserving for the wife all decision-making authority on all issues related to the child.

When making a custody determination in a divorce action,

> "[t]he primary concern ... is the best interests of the children. See [Ex parte] Couch, 521 So. 2d [987,] 989 [(Ala. 1988)]; see also C.B.B. v. J.S.D., 831 So. 2d 620, 621 (Ala. Civ. App. 2002). To that end, the trial court is given wide discretion in awarding custody and establishing visitation, and its determination of such matters will not be reversed absent a showing of a clear abuse of discretion. See Kovakas v. Kovakas, 12 So. 3d 693, 697 (Ala. Civ. App. 2008); see also Kent v. Green, 701 So. 2d 4, 5 (Ala. Civ. App. 1996)."

Lowery v. Lowery, 72 So. 3d 701, 704 (Ala. Civ. App. 2011). Additionally,

> "[t]he ore tenus rule is based, in part, on the unique position of the trial court to personally observe the parties and witnesses and to assess their demeanor and credibility. See Ex parte Fann, 810 So. 2d 631, 633 (Ala. 2001); see also Kent [v. Green], 701 So. 2d [4,] 5 [(Ala. Civ. App. 1996)]. Additionally, '"[i]n child custody cases especially, the perception of an attentive trial judge is of great importance."' Fann, 810 So. 2d at 633 (quoting Williams v. Williams, 402 So. 2d 1029, 1032 (Ala. Civ. App. 1981)). Factors to be

8

considered in making a child-custody award include the age and sex of the children; their emotional, social, moral, material, and educational needs; and the characteristics of those seeking custody, including their age, character, stability, mental and physical health, and their respective home environments. See Ex parte Devine, 398 So. 2d 686, 696-97 (Ala. 1981)."

Id. at 705.

In addition to those factors, Ala. Code 1975, § 30-3-131, creates a presumption as to child custody that arises in cases involving domestic violence:

"In every proceeding where there is at issue a dispute as to the custody of a child, a determination by the court that domestic or family violence has occurred raises a rebuttable presumption by the court that it is detrimental to the child and not in the best interest of the child to be placed in sole custody, joint legal custody, or joint physical custody with the perpetrator of domestic or family violence. Notwithstanding the provisions regarding rebuttable presumption, the judge must also take into account what, if any, impact the domestic violence had on the child."

(Emphasis added.) Additionally, Ala. Code 1975, § 30-3-133, provides:

"In every proceeding where there is at issue a dispute as to the custody of a child, a determination by the court that domestic or family violence has occurred raises a rebuttable presumption by the court that it is in the best interest of the child to reside with the parent who is not a perpetrator of domestic or family violence in the location of that parent's choice, within or outside the state."

9

(Emphasis added.) Finally, Ala. Code 1975, § 30-3-132, provides additional factors that a trial court must consider after it has made a finding of domestic or family violence:

> "(a) In addition to other factors that a court is required to consider in a proceeding in which the custody of a child or visitation by a parent is at issue and in which the court has made a finding of domestic or family violence the court shall consider each of the following:
>
>> "(1) The safety and well-being of the child and of the parent who is the victim of family or domestic violence.
>>
>> "(2) The perpetrator's history of causing physical harm, bodily injury, assault, or causing reasonable fear of physical harm, bodily injury, or assault, to another person."

Here, the circuit court made a specific finding that the husband had committed acts of domestic violence against the wife. That finding was supported by the testimony and evidence at trial. The wife testified that the husband had begun verbally and physically abusing her shortly after the parties were married in June 2019. She estimated that the husband was physically violent toward her on eight separate occasions between June 2019 and April 2023. After an incident in April 2023, the parties separated. The wife also testified that the parties' child was present for most of those incidents that occurred after she was born.

10

The wife testified that she had the husband arrested for physically abusing her in 2020 after an incident when he choked, pushed, kicked, and punched her. She testified that the husband had pleaded guilty to the resulting charge and had been ordered to go to anger-management classes. The wife stated that, during her pregnancy with the parties' child, the husband pushed her down outside on the sidewalk following an argument about the husband's fidelity. The fall caused her to scrape her knee and foot.

The wife testified that the most significant instance of violence by the husband occurred in April 2023, and she submitted into evidence several photographs of injuries that she claimed to have sustained during the incident. She also testified that, during a separate argument, the husband had thrown a jar of baby food that had hit the parties' child on the head. The wife also testified about several photos of the child that, she stated, documented injuries that the child had sustained after visiting with the husband.

The husband denied that he was ever verbally or physically abusive to the wife. He did admit to threatening to "whoop [the wife's] ass" on one occasion. Video evidence introduced at trial included that statement,

11

which was made during the April 2023 incident, as well as footage of the wife fleeing the marital home with the child during that incident. The husband testified that the wife had hit him in the head several times before he had threatened her.

Outside of the evidence of domestic violence before the circuit court, the parties also testified about their living situations and income. The wife testified that she was a licensed real-estate agent in Alabama and had been employed in that capacity since 2019. She also testified that she worked full-time for the Alabama State Department of Education as a general literacy specialist. (R. 373). The husband testified that he was self-employed by a mediation business that he and his father owned. He stated that he only "sometimes" received payment from the business, and, he stated, his father did not receive any payment from the business.

The husband testified that he lived with his mother and sister in his mother's home, where he had a dedicated room. He also testified that he lived part time at his office and stayed at his father's house as well. The husband stated that he kept the child for overnight visits at his mother's house or his office. The living space at the office has two rooms -- a room with a bed in it and another room with a television, a desk, and

12

the child's toys. The husband testified that the child slept in his bed with him during overnight visits at the office or his mother's house. The wife testified that the husband's father's house did not have a dedicated space for the child to sleep, so the child would have to sleep in bed with an adult. She also testified that the child had returned from weekend visits with the husband dirty and wearing a soiled diaper.

Based solely on the circuit court's finding that the husband had committed acts of domestic violence, the presumption arose that it would be against the child's best interest to be placed in the husband's sole physical custody or in the parties' joint legal custody or joint physical custody. The circuit court also had before it evidence that the violence had likely impacted the child -- the child was present for instances of violence and was injured during an argument. The presumption also arose that it would be in the child's best interest to reside with the wife. It was within the circuit court's discretion to conclude, based on that evidence, that its custody award advanced the safety and well-being of the wife and the child.

Outside the evidence supporting the circuit court's finding that domestic violence had occurred, there was also evidence before the circuit

13

court implicating other factors relevant to child custody. The evidence showed that the wife had two steady sources of income, and she was also ultimately awarded the parties' marital home. By contrast, the husband testified that he had an inconsistent source of income and moved between three living spaces. It was within the circuit court's discretion to conclude that the child's needs were best advanced by the stability and home environment offered by the wife.

We therefore affirm the circuit court's award of sole physical custody and sole legal custody of the parties' child to the wife.

III.　Whether the circuit court erred in awarding the wife alimony

The father argues that the circuit court's award of alimony to the wife is due to be reversed for two reasons -- (1) the alimony provision of the divorce judgment does not include the express findings required by statute and (2) the evidence is insufficient to support an award of alimony to the wife.

Alabama Code 1975, § 30-2-57, provides, in pertinent part:

"(a) Upon granting a divorce or legal separation, the court shall award either rehabilitative or periodic alimony as provided in subsection (b), if the court expressly finds all of the following:

14

"(1) A party lacks a separate estate or his or her separate estate is insufficient to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) The other party has the ability to supply those means without undue economic hardship.

"(3) The circumstances of the case make it equitable.

"(b) If a party has met the requirements of subsection (a), the court shall award alimony in the following priority:

"(1) Unless the court expressly finds that rehabilitative alimony is not feasible, the court shall award rehabilitative alimony to the party for a limited duration, not to exceed five years, absent extraordinary circumstances, of an amount to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) In cases in which the court expressly finds that rehabilitation is not feasible, a good-faith attempt at rehabilitation fails, or good-faith rehabilitation only enables the party to partially acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage, the court shall award the party periodic installments of alimony for a duration and an amount to allow the party to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage as provided in subsection (g)."

15

This court has consistently held that "[t]he legislature has clearly required that an alimony award be either rehabilitative alimony or periodic alimony and that, to award either type of alimony, the trial court must make certain express findings after considering the various factors described in § 30-2-57 ...." Merrick v. Merrick, 352 So. 3d 770, 775 (Ala. Civ. App. 2021). That requirement includes making express findings as to the elements set forth in § 30-2-57(a) "and, if a periodic-alimony award is to be made, a finding 'that rehabilitative alimony is not feasible,' § 30-2-57(b)(1), Ala. Code 1975, based upon the trial court's consideration of the various factors described in § 30-2-57(d) & (f), Ala. Code 1975." Lopez v. Rodriguez, 379 So. 3d 455, 461 (Ala. Civ. App. 2023). When a judgment of a trial court has lacked the express findings required by § 30-2-57, we have consistently reversed the judgment and remanded the case. See Patrick v. Patrick, 419 So. 3d 555, 557 (Ala. Civ. App. 2024); Robinson v. Robinson, 422 So. 3d 1121, 1126 (Ala. Civ. App. 2025); White v. Jones, 397 So. 3d 569, 571 (Ala. Civ. App. 2024).

Here, the circuit court's award of alimony stated that "[the husband] is to pay [the wife] periodic rehabilitative alimony for 36 months, in the sum of $3,000.00 per month, commencing September 1,

16

2025." That provision of the divorce judgment lacks the findings set required by § 30-2-57(a), including (1) that the wife lacks a separate estate or that her separate estate is insufficient to preserve the economic status quo of the parties during the marriage, (2) that the husband has the ability to pay alimony to the wife without undue economic hardship, and (3) that the circumstances of this case make it equitable to award alimony. As a result, the alimony award is due to be reversed, and the cause must be remanded for the circuit court to make the required findings. This court cannot properly review the alimony award otherwise. Merrick, 352 So. 3d at 775.

The husband also argues that the circuit court's award of the parties' marital home was inequitable; however,

> "[i]n light of our reversal on the alimony issue, we pretermit any discussion regarding the equity of the marital property award because '[t]he issues of property division and alimony are interrelated, and they must be considered together on appeal.' Turnbo v. Turnbo, 938 So. 2d 425, 430 (Ala. Civ. App. 2006)."

Lopez, 379 So. 3d at 462. Therefore, the circuit court is directed on remand to reconsider the division of marital property along with its determination of the alimony issue.

## Conclusion

We affirm the judgment of the circuit court as to its calculation of child support and its custody award. We reverse the judgment insofar as it awarded alimony to the wife without including the requisite statutory findings, and we remand the cause for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Moore, P.J., and Hanson and Fridy, JJ., concur.

Edwards, J., concurs in part and concurs in the result, with opinion.

EDWARDS, Judge, concurring in part and concurring in the result.

Although I concur in the other aspects of the main opinion, I cannot agree with the main opinion insofar as it concludes that Carlton Lamar Avery ("the husband") did not properly preserve error regarding the computation of the income earned by Erica Nicole Avery ("the wife") and the calculation of the proper amount of child support to be awarded under Rule 32, Ala. R. Jud. Admin.

In my opinion, the income amounts entered on the CS-42 Child-Support-Guidelines form, which the trial court specifically referenced in the divorce judgment, as amended by the order on the parties' postjudgment motions ("the amended judgment"), and which is deemed incorporated into the amended judgment under Rule 32(E), Ala. R. Jud. Admin., are factual findings. That is, I believe that the income amounts entered in the income section of the CS-42 form reflect the amount of income that the trial court determined each party earned. Because the parties litigated the issue of their incomes and because the trial court made a finding of fact regarding the wife's income by incorporating into its amended judgment the CS-42 form, and the resulting child-support obligation determined from applying the information on that form, I do

19

not believe that the husband was required to file a postjudgment motion directed to the amended judgment to preserve his argument that the amount of income attributed to the wife by the trial court was not supported by the evidence presented at trial.[1]  Thus, I would consider the husband's argument on this issue.

However, although I would consider the husband's argument, my review of the record convinces me that the amended judgment on this issue is nevertheless due to be affirmed.  Accordingly, I concur in part and concur in the result.

---

[1]I also note that, because the child-support obligation imposed in the initial divorce judgment was significantly lower than the obligation imposed in the amended judgment, the husband likely had no need to challenge the child-support award or the computation of the wife's income in the postjudgment motion directed to the initial divorce judgment.